# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

KENNETH WARD,

                              Plaintiff,

                              07-CV-6145CJS

          -vs-

                              DECISION and ORDER

LUCIEN LeCLAIRE, *et al.*,

                              Defendant.

## INTRODUCTION

Before the Court is Plaintiff's motion (Docket No. 23) to amend his complaint and Defendants' cross-motion (Docket No. 24) to dismiss portions of the proposed amended complaint. For the reasons stated below, Plaintiff's application and Defendants' applications are both granted in part, and denied in part.

## STANDARDS OF LAW

*Motion to Amend*

The Federal Rules of Civil Procedure provide that leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend may be denied in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment…." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also United States v. Continental Illinois Nat. Bank And Trust Co.*, 889 F.2d 1248, 1254 (2d Cir. 1989).

*Motion to Dismiss*

Recently, the U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955 (May 21, 2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted). *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.) When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085,

1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)).

Because plaintiff appears pro se, the complaint must be liberally construed in his favor, and held to "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)); see also Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir.1993). The Court interprets complaints submitted by pro se plaintiffs to raise the strongest arguments that they suggest. Burgin v. GMC, No. 04-CV-503S, 2006 WL 469355, at *3, 2006 U.S. Dist. LEXIS 16915, at *10 (W.D.N.Y. Feb. 24, 2006) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)).

## ANALYSIS

### *Official Capacity Claims*

With respect to Plaintiff's proposed amended complaint (Docket No. 22) ("amended complaint") Defendants first move to dismiss the claims against them in their official capacities. Previously, by a Memorandum and Order entered on June 29, 2007 (Docket No. 6), the Honorable John T. Elfvin of this Court, dismissed the official capacity claims on the basis of the Eleventh Amendment. As Judge Elfvin explained, the Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98-100, 104 S. Ct. 900, 79 L. Ed.2d 67 (1984). Plaintiff has not provided any information that would cause the

Court to reconsider Judge Elfvin's prior decision. *See Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790."). Accordingly, Defendants' motion to dismiss all the official capacity claims is granted.

### *Claim Against Department of Correctional Services ("DOCS")*

Defendants move to dismiss the claims in the amended complaint made against DOCS. The Court has reviewed the section of Plaintiff's amended complaint entitled "Parties," and does not find any mention of DOCS as a defendant. Therefore, this portion of Defendants' application is denied as moot. In any event, any claims against DOCS would also be barred by Judge Elfvin's prior ruling pursuant to the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

### *Dismissal of Individual Claims Against Three Defendants*

Defendants represent that Plaintiff's amended complaint "seeks to drop from the lawsuit Gowanda Superintendent Richard Savage, Deputy Superintendent of Programs Jose Melendez and Corrections Officer Marcia Hessel." (Def.s' Mem. of Law, Docket No. 25, at 4.) The Court concurs that Plaintiff expressed his intent to remove those three from the lawsuit, *see* Pl.'s Mem. of Law, Docket No. 23, ¶ 10(i), and grants the application to remove them from the case.

***Personal Involvement By Defendants Goord, LeClaire, Annucci and Eagen***

Defendants next argue that the amended complaint does not sufficiently plead personal involvement by Defendants Goord, LeClaire, Annucci and Eagen. The Court agrees.

A prerequisite for liability under a § 1983 claim is "personal involvement" by the defendants in the alleged constitutional deprivation. *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).

> A defendant may be "personally involved" in causing a constitutional deprivation if: (1) defendant participated directly in the alleged infraction; or (2) acting in a supervisory capacity, defendant (a) failed to remedy a continuing or egregious wrong after learning of a violation, (b) created a policy or custom under which the unconstitutional practices occurred or allowed such policy or custom to continue, or (c) was "grossly negligent" in managing subordinates who actually caused the constitutional deprivation.

*Candelaria v. Coughlin*, 787 F.Supp. 368, 372 (S.D.N.Y. 1992) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).

The amended complaint contains the following language:

> Defendant Goord establish[ed] a smoke-free committee to develop a plan to eliminate all indoor smoking. This committee consis[t]ing of Defendants LeClaire Jr.[;] Eagen; and Annucci among others[.] [T]hey [k]new about the New York State Legislature's [1989] enactment of the Clean Indoor Air Act ("CIAA"), codified at N.Y. Pub. Health Law § L399-n et seq.

(Am. Compl. ¶ 7; *see also* ¶ 5.) Defendants contend that "[s]uch conduct is not sufficient basis to support any claim of wrong doing as plaintiff is not alleging that the defendants created an unconstitutional policy." (Def.s' Mem. of Law, Docket No. 25, at 5-6.) The Court agrees. Although Plaintiff further alleges that he sent Defendant Goord letters about lack of enforcement of the smoke-free policy (Am. Compl. ¶ 17) and that Defendants Eagen

and LeClaire did not respond to his many written complaints (Am. Compl. ¶ 32), the Court finds that such allegations, accepted as true, do not constitute personal involvement for purposes of § 1983 liability. "Generally, the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983." *Gayle v. Lucas*, No. 97 Civ. 0883 (MGC), 1998 WL 148416, at *4, 1998 U.S. Dist. LEXIS 3319 (S.D.N.Y. 1998); *cf. Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (plaintiff's allegation that the superintendent of a correctional facility did not respond to his letter of his complaint did not raise a triable issue of fact where the contents of the letter were not specified); *Davis v. City of New York*, No. 00 Civ. 4309 (SAS), 2000 WL 1877045, *9, 2000 U.S. Dist. LEXIS 18520 (S.D.N.Y. Dec. 27, 2000) (finding no personal involvement where supervisory official ignored letter of protest and had no other involvement in the alleged constitutional deprivation); *Richardson v. Coughlin*, 101 F. Supp.2d 127, 132-133 (W.D.N.Y. 2000) (granting summary judgment to supervisory official on ground that no personal involvement in constitutional violation shown where defendant merely ignored prisoner's letter of complaint); *Pritchett v. Artuz*, No. 99 Civ. 3957 (SAS), 2000 WL 4157, at *6, 1999 U.S. Dist. LEXIS 20041 (S.D.N.Y. Jan. 3, 2000) (finding no personal involvement and thus no § 1983 liability where supervisory official ignored prisoner's letter of complaint); *Thomas v. Coombe*, No. 95 Civ. 10342 (HB), 1998 WL 391143, at *6, 1998 U.S. Dist. LEXIS 10519, *17 (S.D.N.Y. Jul. 13, 1998) ("the fact that an official ignored a letter alleging unconstitutional conduct is not enough to establish personal involvement"); *Higgins v. Artuz*, No. 94 Civ. 4810 (SS), 1997 WL 466505, *7, 1997 U.S. Dist. LEXIS 12034, *17-18

...

(S.D.N.Y. Aug. 12, 1997) (same) (collecting cases); *Kopec v. Coughlin*, 767 F. Supp. 463, 466 (S.D.N.Y. 1990), *vacated on other grounds*, 922 F.2d 152 (2d Cir. 1991) (holding that failure to respond to plaintiff's letter requesting help does not in itself evince deliberate indifference to plaintiff's medical needs); *Garrido v. Coughlin*, 716 F. Supp. 98, 100 (S.D.N.Y. 1989) (complaint against DOCS Commissioner dismissed where his only alleged connection to the case was that "he ignored [plaintiff's] letter of protest and request for an investigation of the allegations in [the] action").

Plaintiff alleges that Defendant Annucci "responded to Plaintiff['s] numerous written complaints to Defendants Goord, and LeClaire with a blanket repetitive response that the efficacy of the policy is currently under overall evaluation[,] which makes no sense." (Am. Compl. ¶ 32.) Notwithstanding that Plaintiff found Defendant Annucci's response nonsensical, the Court determines that it does not rise to the level of a constitutional deprivation. A claim which fails to demonstrate a defendant's personal involvement in the alleged constitutional deprivation is subject to *sua sponte* dismissal. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *see Neitzke v. Williams*, 490 U.S. 319, 323 n. 2, 109 S. Ct. 1827, 1830 n. 2, 104 L.Ed.2d 338 (1989). Moreover, Plaintiff's retaliation claims against Defendants Goord, LeClaire, Annucci and Eagen are unsupported by specific factual allegations. Therefore, the Court grants Defendants' application to dismiss all Plaintiff's claim against Defendants Goord, LeClaire, Annucci and Eagen.

**Conspiracy Claim**

In the amended complaint, Plaintiff alleges the following:

All the unnumber[ed] grievances in paragraph (23) were never filed, logged or responded to by Defendant Janish in violation of directive (4040)

> procedures as well as Plaintiff['s] constitutional right to redress complaints. The Defendants conspire[d] with one another to cover-up all the smoking, harassment, and retaliation violations by depriving Plaintiff of his constitutional rights then locking him up in the box to keep him quiet and punish him for speaking out about the smoking probl[e]ms at GCF.

(Am. Compl. ¶ 24.) "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss," *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (*per curiam*), *cert. denied*, 464 U.S. 857 (1983); *see also Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) ("'where a plaintiff fails to produce any specific facts whatsoever to support a conspiracy allegation, a district court may, in its discretion, refuse to permit discovery and grant summary judgment'") (quoting *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir. 1981)). Here, plaintiff has alleged no specific facts in support of his contention that the defendants conspired against him, but he instead simply claims in a vague, conclusory, and unsupported manner that the defendants engaged in a conspiracy against him. Given that, the Court finds that Plaintiff's allegations of conspiracy are without foundation and dismisses his conspiracy claim with prejudice.

***Pendent State Law Claims***

In the amended complaint, Plaintiff makes pendent State law claims as follows:

State Pendant Law: New York State Constitution Art. 1, § 6; Art. § 11; Art. 1, § 12; New York State Civil Rights Law §§ 40-c; New York State Correction Law §§ 138 and 139; New York State Codes, Rules, and Regulations [NYCRR] Title 9 § 7695; 7602.1; 7602.8; and 7602.9; New York State Department Of Correctional Services Directive 2612; 2614; and 4040;, New York State Human Right Law, New York State Clear Air Act, New York State Public Health Law § 1399-n….

>State Pendant Law: New York State Constitution Art. 1, § 6; Art. § 11; Art. 1 § 12; New York State Civil Rights Law §§ 40-c; New York State Correction Law §§ 138 and 139; New York State Codes, Rules, and Regulations [NYCRR] Title 9 § 7695; 7602.1; 7602.8 and 7602.9; New York State Department of Correctional Services Directives 2612; 2614; and 4040;, New York State Human Rights Law, New York State Clear Air Act;, New York State Public Health Law § 1399-n.

(Am. Compl. ¶¶ 48(a) & 52(a).) To the extent that these portions of the amended complaint attempt to bring state law claims against Defendants, they are barred. As Judge Larimer observed in *Heyliger v. Gebler*, 496 F. Supp. 2d 250 (W.D.N.Y. 2007):

>"It is well settled that Section 24[1] shields employees of a state correctional facility from being called upon to personally answer a state law claim for damages based on activities that fall within the scope of the statute." *Ierardi v. Sisco*, 119 F.3d 183, 186 (2d Cir. 1997) (citing *Baker v. Coughlin*, 77 F.3d 12, 14-15 (2d Cir. 1996)) (other citations omitted). "Such immunity is available whether the action is pursued in a state court or, under pendent jurisdiction, in a federal court." *Id*.; *Baker*, 77 F.3d at 15; *Donahue v. Bennett*, No. 02-CV-6430, 2003 U.S. Dist. LEXIS 12601, 2003 WL 21730698, at *4 (W.D.N.Y. June 23, 2003).

*Heyliger*, 496 F. Supp. 2d at 252-53. Accordingly, the state law claims are dismissed.

### *Non-Constitutional Federal Claims*

In his amended complaint, Plaintiff alleges causes of action under 18 U.S.C. §§ 241, 242, 1503 and 1505. (Am. Compl. ¶¶ 48(b) & 52(b).) As the Second Circuit Observed in *Hill v. DiDio*, 191 Fed. Appx. 13 (2d Cir. 2006):

>A private individual may bring suit under a federal statute only when Congress specifically intended to create a private right of action. *See, e.g.,*

---

[1] N.Y. Corrections Law § 24(1) (1978): "No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee."

>*Gonzaga Univ. v. Doe*, 536 U.S. 273, 283, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002); *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 308, 311-12 (2d Cir. 2000). We have noted in the past that there is no private right of action under section 242, *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)….

*Hill v. DiDio*, 191 Fed. Appx. at 14 (2d Cir. 2006). Plaintiff has not alleged that any of the criminal statutes to which he cites allows for a private cause of action. As the Second Circuit noted in *Leist v. Simplot*, 638 F.2d 283 (2d Cir. 1980):

>The Supreme Court "has been especially reluctant to imply causes of action under statutes that create duties on the part of persons for the benefit of the public at large," *Cannon, supra*, 441 U.S. at 692 n.13, 99 S. Ct. at 1955 n.13; Cort v. Ash, supra, 422 U.S. at 79-80, 95 S. Ct. at 2088-89 (18 U.S.C. § 610, prohibiting corporate contributions), and it has rarely implied a cause of action under a criminal statute. *Chrysler Corp. v. Brown*, *supra*, 441 U.S. at 316, 99 S.Ct. at 1725.

*Leist*, 638 F.2d at 333. Accordingly, the non-constitutional Federal claims in paragraphs 48(b) and 52(b) of the amended complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED, that Defendant's cross-motion (Docket No. 24) to dismiss is granted in part, as detailed below; and it is further

ORDERED, that Plaintiff's claims against Defendants in their official capacities are dismissed; and it is further

ORDERED, that Defendants' application to dismiss DOCS is denied as moot; and it is further

ORDERED, that claims against defendants Gowanda Superintendent Richard Savage, Deputy Superintendent of Programs Jose Melendez and Corrections Officer

Marcia Hessel, are dismissed and the Clerk is directed to enter judgment in their favor; and it is further

ORDERED, that Defendants' motion to dismiss all Plaintiff's claims against Defendants Goord, LeClaire, Annucci and Eagen is granted; and it is further

ORDERED, that Plaintiff's conspiracy claim (Am. Compl. ¶ 24) is dismissed with prejudice; and it is further

ORDERED, that Plaintiff's pendent state law claims (Am. Compl. ¶¶ 48(a) & 52(a)) are dismissed; and it is further

ORDERED, except for the claims specifically dismissed above, Plaintiff's motion to amend (Docket No. 23) is granted.

IT IS SO ORDERED.

Dated:   August 14, 2008
         Rochester, New York

                    ENTER:

                           /s/ Charles J. Siragusa
                           Charles J. Siragusa
                           United States District Judge